# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

SIDNEY T. ROBINSON,

    Plaintiff,                             CASE NO: 05-CV-10180-BC

v.                                          DISTRICT JUDGE DAVID M. LAWSON
                                            MAGISTRATE JUDGE CHARLES E. BINDER

SOCIAL SECURITY
ADMINISTRATION,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.     RECOMMENDATION

Because I conclude that Plaintiff's complaint is barred by the running of the applicable statute of limitations as to the sole Defendant named, **IT IS RECOMMENDED** that Plaintiff's Complaint be *SUA SPONTE* **DISMISSED**.

### II.     REPORT

By order of U.S. District Judge Dvid M. Lawson, this case was referred to the undersigned Magistrate Judge for general case management on July 29, 2005. (Dkt. 3.) Plaintiff's *pro se* complaint was filed July 19, 2005, and consists of ten pages of typewritten allegations and exhibits. Plaintiff appears to be aggrieved by various failures to pay for medical expenses incurred during hospitalizations which apparently took place in 1999 and that he was denied Medicare coverage in 1993. Plaintiff also includes in his complaint a document evidencing that he was denied medical

coverage by Blue Care Network in 1998, however, Blue Care Network is not named as a defendant.

Initial review of the docket indicated that Plaintiff failed to follow the requirements for service upon an agency of the United States, as set forth in Rule 4(i)(1) of the Federal Rules of Civil Procedure. As a result, on May 22, 2006, an Order to Show Cause issued instructing Plaintiff as to how to properly effectuate service, and giving Plaintiff until June 26, 2006, to do so. The order concluded with a statement that in the event Plaintiff failed to comply, this case would be dismissed for want of prosecution. No response or other action has been taken by Plaintiff.

"Even a *pro se* litigant, whether a plaintiff or defendant, is required to follow the law." *Williams v. Sears, Roebuck and Co.*, 143 F. Supp. 2d 941, 947 (W.D. Tenn. 2001). As the U.S. Supreme Court stated in *McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993), "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *Id.* at 113.

Moreover, Section 405 of the Social Security Act provides in pertinent part as follows:

(g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a <u>civil action commenced within sixty days after the mailing to him of notice of such decision</u> or within such further time as the Commissioner of Social Security may allow. . . .

(h) The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. <u>No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided</u>. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 [the section of the Judicial Code defining the jurisdiction of the federal district courts] to recover on any claim arising under this subchapter.

42 U.S.C. § 405(g)(h) (emphasis added).

The Commissioner, in 20 C.F.R. § 422.210(c), has interpreted "mailing" as the date of receipt by the individual of the Appeals Council's notice of denial of request for review. By regulation, the Commissioner presumes this receipt to be five days after the date of the notice unless there is reasonable showing to the contrary. *Id.*

In *Weinberger v. Salfi*, 422 U.S. 749, 95 S. Ct. 2457, 45 L. Ed. 2d 522 (1975), the United States Supreme Court dealt with the statute of limitations contained in Section 405. There, the Supreme Court stated:

> Section 405(g) specifies the following requirements for judicial review: (1) a final decision of the Secretary made after a hearing; (2) commencement of a civil action within 60 days after the mailing of notice of such decision (or within such further time as the Secretary may allow); and (3) filing of the action in an appropriate district court, in general that of the plaintiff's residence or principal place of business. The second and third of these requirements specify, respectively, a statute of limitations and appropriate venue.

*Id.* at 763-64.

This language was reaffirmed by the court in *Mathews v. Eldridge*, 424 U.S. 319, 328 n.9, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). The purpose and construction of this statute are well explained in *Leslie v. Bowen*, 695 F. Supp. 504 (D. Kan. 1988).

> The 60-day filing period is a statute of limitations and not a jurisdictional bar. *Thibodeaux*, 819 F.2d at 79; *see Bowen v. City of New York*, 476 U.S. 467, 479, 106 S. Ct. 2022, 2029, 90 L. Ed. 2d 462 (1986). As it is a condition to the waiver of sovereign immunity, the 60-day filing requirement is strictly construed. *Bowen v. City of New York*, 476 U.S. at 479, 1206 S. Ct. at 2029. By this provision, Congress intended to facilitate the speedy resolution of cases in a bureaucracy processing millions of claims each year. *Id*. at 481, 106 S. Ct. at 2030.

*Id*. at 506.

I note that the Sixth Circuit has consistently upheld the application by a district court limitation period contained in 42 U.S.C. § 405(g). *See Day v. Shalala*, 23 F.3d 1052, 1058 (6th Cir. 1994). In other words, to timely appeal from a decision made by the Social Security

3

Administration, it must be done within 65 days of the issuance of a "Final Decision." In this case, presuming that in fact the Social Security Administration made decisions adverse to Plaintiff, from the attached documents, it appears that they occurred many years prior to the filing of the complaint in this case. Accordingly, for all these reasons, I am constrained to suggest that Plaintiff has failed to file suit within the explicit statute of limitations contained in 42 U.S.C. § 405, or to provide a "reasonable explanation" justifying a departure from the time limitations set forth in that statute. I therefore suggest that dismissal is required.

**III.    REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n. of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be concise, but commensurate in detail

4

with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

                                          s/ *Charles E. Binder*
                                          CHARLES E. BINDER
Dated: June 29, 2006                       United States Magistrate Judge

## CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date and served on Sidney T. Robinson and Honorable David M. Lawson in the traditional manner.

Dated: June 29, 2006                       By    s/Mary E. Dobbick
                                                  Secretary to Magistrate Judge Binder